**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

DWIGHT DUBACK, Civil No. 01-CV-285 (JEL/JGL)

Plaintiff,

v. **ORDER**

UNITED STATES OF AMERICA,

Defendant.

---

THIS MATTER came before the undersigned United States District Judge on Defendant's Motion to Dismiss. Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Subsequently, Defendant filed a Reply Memorandum. Both parties waived oral argument on this motion.

Based on the file and documents contained therein, along with the memoranda of counsel, the Court orders that Defendant's Motion to Dismiss be denied.

1. Subject Matter Jurisdiction

Defendant brings a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The question of a court's jurisdiction over an action is non-waivable and may be raised at any point in the litigation. *Chernin v. United States*, 149 F.3d 805, 812 (8th Cir. 1998); *see also* Fed. R. Civ. P. 12(h)(3).

"It is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Duback alleges that his cause of action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*, and that the Court has jurisdiction over his cause of action pursuant to 28 U.S.C. §1346(b). Title 28 U.S.C. §1346(b) provides that "subject to the provisions of [the Federal Tort Claims Act], the district courts...shall have exclusive jurisdiction of civil actions on claims against the United States." Accordingly, the Court concludes that it has jurisdiction over the subject matter of this case.

FILED AUG 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

2. <u>Applicable Law</u>

In claims brought under the Federal Tort Claims Act, the extent of the United States' liability is generally determined by reference to state law. *Molzof v. United States*, 502 U.S. 301, 305 (1992). Thus, in this case, which involves allegations of medical malpractice, the extent of the United States' liability is determined by reference to Minnesota's law on medical malpractice.

3. <u>Minnesota's Affidavit Requirements in Medical Malpractice Cases</u>

The United States argues that dismissal is warranted because Duback has failed to comply with Minnesota law regarding medical malpractice claims, specifically the requirements of Minn. Stat. §145.682. "The Minnesota legislature enacted Minn.Stat. §§145.682 for the purpose of eliminating nuisance medical malpractice lawsuits by requiring plaintiffs to file affidavits verifying that their allegations of malpractice are well-founded." *Stroud v. Hennepin County Med. Ctr.*, 556 N.W.2d 552, 555 (Minn. 1996). Under Minnesota law, a Plaintiff who alleges a claim for medical malpractice is required to provide an affidavit from a qualified expert that is sufficient to state a *prima facie* case of malpractice; failure to provide a sufficient affidavit results in mandatory dismissal with prejudice. *See* Minn. Stat. §145.682, subds. 4 and 6; *see also Teffeteller v. University of Minnesota*, 645 N.W.2d 420, 426-429 (Minn. 2002). There is no dispute that Duback timely filed such affidavits. Instead, the United States challenges the adequacy of the affidavits with regard to both the qualifications of Duback's experts and the adequacy of their statements regarding causation.

In applying Minn. Stat. §145.682, courts have recognized that it has several functions. The statute contains certain deadlines for the filing of the required affidavits. These deadlines have been construed as "procedural"; thus they can be modified pursuant to the rules of civil procedure without affecting a party's substantive rights. *See Stern v. Dill*, 442 N.W.2d 322, 324 (Minn. 1989); *Lombardo v. Seydow-Weber*, 529 N.W.2d 702, 704-705 (Minn.App. 1995); *Parker v. O'Phelan*, 414 N.W.2d 534, 536-537 (Minn.App. 1987); *see also Oslund v. United States*, 701 F.Supp. 710 (D.Minn. 1988); *Hughes v. Mayo Clinic*, 834 F.2d 713 (8th Cir. 1987). The affidavit requirements are also substantive. The Minnesota Supreme Court has made it clear that the affidavits must establish the Plaintiff's *prima facie* case and demonstrate that the affiant is a competent expert; the failure to establish a *prima facie* case through a competent expert is grounds for statutory dismissal.

*See Teffeteller*, 645 N.W.2d at 426; *Anderson v. Rengachary*, 608 N.W.2d 843 (Minn. 2000); *Lindberg v. Health Partners, Inc.*, 599 N.W.2d 572, 478 (Minn. 1999); *Stroud*, 556 N.W.2d at 556; *Sorenson v. St. Paul Ramsey Medical Center*, 457 N.W.2d 188 (Minn. 1990). Likewise, "the federal courts...have consistently considered Minn. Stat. §145.682 as substantive." *Ellingson v. Walgreen*, 78 F.Supp.2d 965, 968 (D.Minn. 1999)(granting motion to dismiss for failure to comply with Minn. Stat. §145.682); *Bellecourt v. United States*, 784 F.Supp. 623 (D.Minn. 1992)(granting motion for summary judgment), *aff'd*, 994 F.2d 427 (8th Cir. 1992); *Carmen v. Mayo Foundation*, 81 F.3d 165, 1996 WL 137272 (8th Cir. 1996)(affirming motion to dismiss); *Anderson v. United States*, No. Civ. 5-96-235(D. Minn. Jan. 30, 1998)(adopting Report and Recommendation granting Motion for Sanctions in the form of summary dismissal for failure to comply with Minn. Stat. §145.682 found at *Anderson v. United States*, No. Civ. 5-96-235, 1998 WL 92460 (D.Minn. Jan. 5, 1998));*Medina v. EMSA Correctional Care, Inc.*, No. Civ. 01-838, 2002 WL 1488773 (D.Minn. July 10, 2002)(granting Motion for Partial Summary Judgment). Finally, courts have recognized that, because Minn. Stat. §145.682, subd. 6 provides for "mandatory dismissal," the statute contains a "jurisdictional component." *See Oslund*, 701 F.Supp. at 714 ("the language requiring mandatory dismissal of claims has a jurisdictional component"); *Parker*, 414 N.W.2d at 538 ("the statute has both jurisdictional and procedural characteristics"); *Lombardo*, 529 N.W.2d at 705 (*citing Oslund*); *see also Stern*, 442 N.W.2d at 324 ("'mandatory' implies that the court is without discretion on whether or not to dismiss").

While the United States' motion is framed as a challenge to the Court's subject matter jurisdiction, its arguments relate to the substantive allegations in Duback's affidavit. If the Court lacks subject matter jurisdiction, Duback's factual allegations are not relevant, because the court can not adjudicate the merits of a case if it lacks jurisdiction over the subject matter. Instead of a motion to dismiss for lack of subject matter jurisdiction, inadequacies in the factual allegations of Duback's affidavits are more appropriately addressed by a motion for summary judgment, as was done in *Bellecourt*, *Ellingson*, and *Medina*. *See also Anderson*, No. Civ. 5-96-235, 1998 WL 92460 at 2, n.4 ("a dismissal...for failure to comply with Minnesota Statutes Section 145.682 could be viewed as the proper grist for the grant of a Summary Judgment"); *but see Bastian v. Kane*, 1998 WL 236165

Minn.App. (May 12, 1998)(distinguishing between summary judgment and statutory dismissal). Of the federal cases discussed, only *Oslund* discussed Minn. Stat. §145.682 in the context of a motion to dismiss for lack of subject matter jurisdiction; the motion was denied because the plaintiff complied with the statutory requirements. *Oslund*, 701 F.Supp. at 713-714.

Moreover, the timing of the United States' motion is curious. On October 15, 2001, the Court ordered that all dispositive motions be filed by July 1, 2002. The motion to dismiss for lack of subject matter jurisdiction was filed on July 24, 2002. Thus, when this motion was filed, the United States was no longer permitted to file a motion for summary judgment; however, because a motion to dismiss for subject matter jurisdiction can be raised at any time, such a motion need not be made within the deadlines of the court's October 15, 2001 order.[1] While Minn. Stat. §145.682 may have a "jurisdictional component," the Court will not permit a defendant to circumvent the Court's pre-trial order by purportedly challenging the Court's subject matter jurisdiction when what the defendant truly desires is an adjudication on the merits.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss [Docket No. 26] is **DENIED**.

DATED: Aug 30, 2002

JOAN E. LANCASTER
United States District Judge

---

[1]The Court acknowledges that the Minnesota Supreme Court has held that a plaintiff is not entitled to prior notice regarding deficiencies in the expert affidavit. *See Anderson*, 608 N.W.2d at 849. However, this Court's decision relates only to the Defendant's failure to comply with the Court's deadlines.